UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WSOU INVESTMENTS LLC,<br><br>Plaintiff,<br><br>v.<br><br>JUNIPER NETWORKS INC,<br><br>Defendant. | Case No. 21-cv-07557-BLF<br>21-cv-07558-BLF<br>21-cv-07560-BLF<br>21-cv-07561-BLF<br>21-cv-07562-BLF<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STAY** |

In these related patent infringement actions, Plaintiff WSOU Investments LLC d/b/a Brazos Licensing and Development ("Brazos") asserts that Defendant Juniper Networks Inc. ("Juniper") infringes U.S. Patent Nos. 7,483,998 ("the '998 Patent"); 7,518,990 ("the '990 Patent"); 7,596,140 ("the '140 Patent"); 7,620,273 ("the '273 Patent"); and 8,284,656 ("the '656 Patent") (collectively, the "Asserted Patents"). Before the Court is Juniper's motion to stay all cases pending *inter partes* review ("IPR") of the '140, '656, and '998 Patents and *ex parte* reexamination of the '273 Patent (collectively, the "Challenged Patents"). All asserted claims of these four patents are under post-grant review, and the other Asserted Patent—the '990 Patent—is not under post-grant review. Pursuant to Civil Local Rule 7-1(b), the Court finds the instant motion suitable for decision without oral argument and hereby VACATES the hearing set for April 14, 2022.

Based on the below reasoning, the Court GRANTS Juniper's motion.

**I.   BACKGROUND**

   **A.   Factual Background**

Brazos is a Delaware corporation with its principal place of business in Texas. Complaint,

ECF No. 57 ¶ 2. Brazos further alleges that Juniper has a "regular and established place of business" in Texas. *Id.* ¶ 3. Juniper designs, develops, and sells computer networking hardware and software. *Id.* ¶ 10. Brazos is a non-practicing entity that does not make or sell products or compete with Juniper. Motion, ECF No. 117 at 9.[1]

The five Asserted Patents are unrelated patents pertaining to computer networking technology. '998 Patent, Abstract; '990 Patent, Abstract; '140 Patent, Abstract; '273 Patent, Abstract; '656 Patent, Abstract. Brazos is asserting these patents against Juniper networking hardware and software products. *See* Declaration of Todd M. Briggs ("Briggs Decl."), ECF No. 117-2, Ex. A, Brazos's Disclosure of Asserted Claims and Infringement Contentions ("Brazos Infringement Contentions") at 3–4.

### B. Procedural History

In September 2020, Brazos filed six separate patent infringement cases against Juniper in the Western District of Texas, each asserting one patent: U.S. Patent No. 7,382,781 ("the '781 Patent") in 6:20–cv–00812; the '998 Patent in 6:20–cv–00813; the '990 Patent in 6:20–cv–00814; the '140 Patent in 6:20–cv–00815; the '273 Patent in 6:20–cv–00902; and the '656 Patent in 6:20–cv–00903. The cases were assigned to Judge Albright. The parties engaged in fact discovery, exchanged infringement and invalidity contentions, and completed briefing for claim construction and a motion to dismiss Brazos's indirect infringement claims filed by Juniper. *See* ECF Nos. 40, 43, 53, 60, 69, 76, 78. On June 24, 2021, Judge Albright issued a claim construction order for the six cases. *See* ECF No. 87. On August 21, 2021, Brazos indicated that it was asserting the following claims of the Asserted Patents (collectively, "the Asserted Claims"): claims 1, 2, 7, 9, and 18 of the '781 Patent; claims 17-19, 21 and 22-23 of the '998 Patent; claims 1-4, 6-9, 17, and 18 of the '990 Patent; claims 1-6, 13, 15-19, 21-24, 31, and 33-38 of the '140 Patent; claims 1-3 of the '273 Patent; and claims 1, 2, and 7-10 of the '656 Patent. *See* Brazos Infringement Contentions at 2. On August 30, 2021, the parties stipulated to dismissal of the case involving the '781 Patent. *See* 6:20–cv–00812, ECF No. 94.

---

[1] All docket numbers pertain to the 5:21–cv–07557 case unless otherwise noted.

On September 27, 2021, the court transferred the five remaining cases to the Northern District of California pursuant to a mandamus order from the Federal Circuit. *See In re: Juniper Networks, Inc.*, 14 F.4th 1313 (Fed. Cir. 2021); 5:21–cv–07557, ECF No. 95; 5:21–cv–07558, ECF No. 89; 5:21–cv–07560, ECF No. 97; 5:21–cv–07561, ECF No. 92; 5:21–cv–07562, ECF No. 94. On October 20, 2021, this Court related the cases following a joint administrative motion by the parties requesting a case relation order. *See* Related Case Order, ECF No. 104; Joint Administrative Motion to Consider Whether Cases Should Be Related Pursuant to Civil Local Rule 3-12, ECF No. 103. The Court further terminated all currently pending motions without prejudice to refiling in this Court. *See* Related Case Order, ECF No. 104. On October 28, 2021, Juniper filed a renewed motion to dismiss Brazos's indirect infringement claims, which the parties have fully briefed and which is set for hearing on March 3, 2022. *See* ECF Nos. 106, 113, 116. An Initial Case Management Conference is also set for March 3, 2022. *See* ECF No. 109.

On February 12, 2021, Juniper filed an IPR petition challenging the validity of claims 1-7, 13, 15-19, 21-25, 31, and 33-38 of the '140 Patent, including all '140 Patent claims Brazos is asserting here. *See* Brazos Infringement Contentions at 2; Motion, ECF No. 117 at 2. The PTAB instituted IPR of the challenged '140 Patent claims on August 18, 2021, and a final written decision is expected by August 18, 2022. *See* Briggs Decl., Ex. C at 17; Motion, ECF No. 117 at 3. On April 5, 2021, Juniper filed petitions for IPR challenging claims 1-2, 7-13, and 15 of the '656 Patent and 17-19, 21-23, and 25-26 of the '998 Patent, including all claims asserted in these cases. *See* Brazos Infringement Contentions at 2; Motion, ECF No. 117 at 2. The PTAB instituted IPR of the challenged '656 and '998 Patent claims on November 22, 2021, and a final written decision is expected by November 22, 2022. *See* Briggs Decl., Exs. G, H; Motion, ECF No. 117 at 3. Further, on September 9, 2021, Juniper filed a request for *ex parte* reexamination of claims 1-3 of the '273 Patent, which are the only '273 Patent claims Brazos is asserting. *See* Brazos Infringement Contentions at 2; Motion, ECF No. 117 at 2. The USPTO ordered reexamination on October 12, 2021. *See* Briggs Decl., Ex. D. Accordingly, the asserted claims of four out of the five Asserted Patents—all except for the '990 Patent—are now under post-grant review—a total of 38 out of 48 asserted claims. *See* Motion, ECF No. 117 at 3.

3

On December 2, 2021, Juniper filed a Motion to stay all five cases pending the post-grant review proceedings. *See* Motion, ECF No. 117. On December 16, 2021, Brazos filed an Opposition. *See* Opposition, ECF No. 118. On December 23, 2021, Juniper filed a Reply. *See* Reply, ECF No. 119. The Court set a hearing on the Motion for April 22, 2022, which is hereby vacated.

## II.   LEGAL STANDARD

A district court has inherent power to manage its own docket and stay proceedings, "including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1427 (Fed. Cir. 1988) (citation omitted). A court is under no obligation to stay proceedings pending parallel litigation in the PTAB. *See Aylus Networks, Inc. v. Apple, Inc.*, No. C–13–4700 EMC, 2014 WL 5809053, at *1 (N.D. Cal. Nov. 6, 2014) (citations omitted). The factors that courts in this District consider when determining whether to stay litigation are: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *PersonalWeb Techs., LLC v. Apple, Inc.*, 69 F.Supp.3d 1022, 1025 (N.D. Cal. 2014) (quoting *Telemac Corp. v. Teledigital, Inc.*, 450 F.Supp.2d 1107, 1111 (N.D.Cal.2006)).

## III.   DISCUSSION

### A.   Stage of the Litigation

First, the Court considers whether the cases have progressed significantly enough for a stay to be disfavored. *PersonalWeb*, 69 F.Supp.3d at 1025. Juniper argues that the case is in its early stages, because (1) no fact discovery deadline has been set by this Court, and only limited fact discovery has taken place, including no exchanges under this District's Patent Local Rules, no fact depositions, and incomplete document production; (2) while Judge Albright issued a claim construction order prior to the transfer, further claim construction may be necessary given the parties' positions in the IPRs and further exchanges pursuant to this District's Patent Local Rules; (3) motions to dismiss are pending; (4) no trial date has been set; (5) summary judgment is far in the distance; and (6) the PTAB is likely to issue final written decisions only eight months after the scheduled Initial Case Management Conference on March 3, 2022. *See* Motion, ECF No. 117

at 4–5. In response, Brazos argues that the stage of the case strongly disfavors a stay, because (1) the parties engaged in substantial fact discovery and other work prior to the transfer, including initial and final infringement and invalidity contentions; claim construction exchanges, briefing, and oral argument; source code review by expert consultants; document production; substantial written discovery; and briefing of motions to dismiss, and (2) claim construction has taken place, and Judge Albright's constructions are owed deference, particularly where Juniper has not introduced new and material evidence indicating that further claim construction is warranted. *See* Opposition, ECF No. 118 at 3–7.

The parties disagree on whether Judge Albright issuing a claim construction order prior to the transfer disfavors a stay. Juniper argues that further claim construction may be necessary given the parties' positions in the IPRs and any exchanges pursuant to this District's Patent Local Rules. *See* Motion, ECF No. 117 at 5. For example, Juniper points to positions Brazos has taken in the IPRs already that it argues are inconsistent with its positions here. *See* Reply, ECF No. 119 at 2 (citing Briggs Decl., Ex. L). In response, Brazos argues that courts are generally "deferential" to other courts' claim construction orders and "loathe" to revisit transferor courts' decisions. *See* Opposition, ECF No. 118 at 5 (citing *Snyders Heart Valve LLC v. St. Judge Med.*, No. 18-2030 (JRT/DTS), 2020 WL 1445835, at *4 (D. Minn. Mar. 25, 2020)). Further, Brazos argues that Juniper has failed to specifically identify how (1) the IPRs or (2) this District's Patent Local Rules exchange requirements could warrant further claim construction. *See id.* at 5–6.

The Court finds Judge Albright's claim construction order weighs against a stay. The claim construction order indicates that the case is not in its early stages and most of the effort accompanying claim construction on the part of the parties and the Court has already been expended. Juniper does not identify any specific claim construction disputes resulting from the IPRs except through improper reply evidence, which the Court declines to consider. *See* Briggs Decl., Ex. L; *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996). While the Court takes no position at this stage on whether further claim construction will be necessary in these cases, it considers the fact that a claim construction order has been issued to weigh against a stay, regardless of whether further claim construction is necessary. *See, e.g., Int'l Test Sols., Inc. v. Mipox Int'l Corp.*,

1   No. 16–cv–00791–RS, 2017 WL 1316549, at *2 (N.D. Cal. Apr. 10, 2017). However, given the
2   unique procedural position of these cases—Judge Albright has issued a claim construction order,
3   but this Court has not had a chance to consider claim construction issues and the parties have not
4   made exchanges pursuant to this District's Patent Local Rules—the Court finds that Judge
5   Albright's claim construction order does not weigh heavily against a stay.

6   The parties further disagree on whether the extent of discovery that has taken place thus far
7   supports or disfavors a stay. Juniper argues that discovery is in its early stages, given that
8   (1) discovery was only open three and a half months prior to the transfer, during which limited
9   discovery took place; (2) neither party has taken fact depositions, except for two related to the
10  transfer; (3) no fact discovery deadline has been set; (4) the parties are treating fact discovery as
11  suspended until the March 3, 2022 Initial Case Management Conference; and (5) expert discovery
12  has not opened. *See* Motion, ECF No. 117 at 5. Brazos points to the fact that (1) the parties have
13  exchanged initial and final invalidity and infringement contentions; (2) the parties have engaged in
14  claim construction discovery; (3) Juniper has responded to 11-13 interrogatories and 23 requests for
15  production and Brazos has responded to 12 interrogatories and 47 requests for production;
16  (4) Brazos's experts have spent 10 days reviewing Juniper's source code; and (5) around 2,000
17  documents have been produced, including documents from six third parties. *See* Opposition,
18  ECF No. 118 at 4.

19  On balance, the Court finds that the extent of discovery that has taken place favors a stay.
20  While the parties have completed a substantial amount of work meeting their discovery obligations
21  thus far, this pales in comparison to the amount of work that has yet to take place, particularly with
22  only around 2,000 documents produced, only around half of the parties' interrogatories propounded
23  pursuant to Federal Rule of Civil Procedure 33, no fact depositions having taken place, no fact
24  discovery deadline set, and the entirety of expert discovery on the horizon. *See PersonalWeb Techs.,*
25  *LLC v. Facebook, Inc.*, No. 5:13–CV–01356–EJD, 2014 WL 116340, at *4 (finding the stage of
26  litigation favors a stay where "the parties have yet to engage in the significant and costly work of
27  conducting expert discovery and preparing summary judgment motions"); *Evolutionary*
28  *Intelligence, LLC v. Apple, Inc.*, No. C 13-04201 WHA, 2014 WL 93954, at *2 (finding the stage

of litigation favors a stay where "[n]o depositions have been taken and expert reports have not been exchanged"). Accordingly, balancing the significant amount of discovery that has taken place against the even more substantial amount of discovery that has yet to take place, the Court finds that the status of discovery weighs slightly in favor of a stay.

Juniper also cites the lack of a trial date and the fact that summary judgment lies ahead in support of a stay. Motion, ECF No. 117 at 4–5. The Court notes that these considerations weigh further in favor a stay, particularly when the Court is currently scheduling trials for the latter half of 2024. *See VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1317 (Fed. Cir. 2014).

On balance, with a prior claim construction order weighing slightly against a stay and the status of discovery and the lack of trial or summary judgment dates weighing in favor of a stay, the Court finds that the stage of litigation factor favors granting Juniper's stay request. *See PersonalWeb*, 2014 WL 116340, at *3 (stage of litigation favors a stay where "a claim construction order has been issued" but "a substantial portion of the work—expert discovery, summary judgment, pre-trial preparation, and trial itself—lies ahead"); *Cypress Semiconductor Corp. v. LG Elecs., Inc.*, No. 13–cv–04034–SBA, 2014 WL 5477795, at *2 (N.D. Cal. Oct. 29, 2014) (stage of litigation favors a stay following claim construction briefing where "[t]here has been no dispositive motion practice, the claims have not been construed, and no deadlines for completing discovery, motion practice or trial have been set").

**B.     Simplification of Issues**

The second factor courts consider in assessing whether a stay is appropriate is "whether a stay will simplify the issues in question and trial of the case[.]" *PersonalWeb*, 69 F.Supp.3d at 1025. Juniper argues that a stay will simplify the issues in these cases because the vast majority of the Asserted Claims—38 out of 48—and four out of the five Asserted Patents are under post-grant review, which will either lead to invalidated claims or Juniper being estopped from raising certain invalidity defenses before this Court. *See* Motion, ECF No. 117 at 5–7. Further, Juniper argues that the one patent not under review—the '990 Patent—is asserted against only one of Juniper's products. *See id.* at 6. In response, Brazos argues that a stay would do nothing to simplify the case involving the '990 Patent because that patent is not under review, so at a minimum the Court should

7

not stay that case. *See* Opposition, ECF No. 118 at 7–8. For the other patents, Brazos argues that the efforts that the parties have already expended and the fact that "numerous issues" will remain to address before trial show that little simplification would result from a stay. *See id.* at 8. On reply, Juniper argues that staying the related cases together favors judicial economy, and there are legal issues like standing and ownership that are likely common to all asserted patents. *See* Reply, ECF No. 119 at 3–4. Juniper points to the parties' joint motion in support of relating the cases, where the parties indicated that if the cases were not related, it would lead to "an unduly burdensome duplication of labor and expense for both the parties and the Court." *Id.* at 3 (citing Joint Administrative Motion to Consider Whether Cases Should Be Related, ECF No. 103 at 2–3). Further, Juniper argues that even if issues would remain to resolve following a stay, a stay could eliminate some of those issues. *Id.* at 4.

Regarding the Challenged Patents, the Court agrees with Juniper. All the asserted claims of the Challenged Patents are under post-grant review, so there is a good likelihood that simplification will occur based on the invalidation of at least some of the asserted claims. *See* Motion, ECF No. 117 at 6–7 (citing recent PTAB invalidation statistics). Further, even if the PTAB does not invalidate some or any of the asserted claims, Juniper will be estopped from raising certain invalidity grounds as to those claims under 35 U.S.C. § 315(e)(2). *See id.* at 7. And regardless of the outcome of the post-grant proceedings, this Court will benefit from the PTAB's consideration of the claims, as well as the parties' additional briefing. *See PersonalWeb*, 2014 WL 116340, at *4 (finding simplification factor favors a stay where IPRs would "assist in streamlining the presentation of evidence and benefit the trier of fact by providing the expert opinion of the PTO"); *Evolutionary Intelligence*, 2014 WL 93954, at *3 ("[I]f no asserted claims are cancelled or modified, this action may nevertheless benefit from the PTAB's findings."). Brazos's arguments that (1) much of the effort that could have been saved by a stay has already been expended and (2) many issues will remain to be addressed before trial regardless of a stay miss the mark. *See* Opposition, ECF No. 118 at 8. Simplification from a stay is likely if not assured; work-intensive stages of litigation undisputedly remain that could benefit from simplification (*e.g.*, the entirety of expert discovery and trial); and the fact that issues will likely remain to be addressed following a stay does not prove

8

otherwise. Accordingly, the simplification factor strongly favors a stay as to the cases involving the Challenged Patents.

Regarding the '990 Patent, the Court agrees with Brazos that a stay will not lead to simplification as to this patent alone, because this patent is not under post-grant review. Further, Juniper does not argue that post-grant review of the other patents could lead to any simplification as to the '990 Patent. However, even where some patents are not under post-grant review, courts commonly find the simplification factor favors a complete stay of the case. *See, e.g., Dolby Labs, Inc. v. Intertrust Techs. Corp.*, No. 19–cv–03371–EMC, 2021 WL 5322695, at *4 (N.D. Cal. Nov. 16, 2021) ("[A] number of courts have stayed an entire case where PTO proceedings have been instituted only to some of the patents if the stay would eliminate duplicative discovery and avoid having to spend the 'time and expense of educating a judge and jury twice on similar technology.'") (citing *Murata Mach. USA, Inc. v. Daifuku Co.*, No. 2:13CV866 DAK, 2015 WL 5178456, at *1 (D. Utah Sept. 4, 2015), *aff'd in part Murata Mach. USA v. Daifuku Co., Ltd.*, 830 F.3d 1357 (Fed. Cir. 2016)); *Sonics, Inc. v. Arteris, Inc.*, No. C 11–05311 SBA, 2013 WL 503091, at *3 (N.D. Cal. Feb. 8, 2013) ("Given the stage of the litigation, the Court is not familiar with the technology at issue in this case. Thus, regardless of the outcome of the reexamination proceedings, the Court's interest in simplifying the proceedings by waiting for the PTO to reexamine six of the seven patents-in-suit weighs in favor of granting a stay."); *Evolutionary Intelligence, LLC v. LivingSocial, Inc.*, No. 13–cv–04205–WHO, 2014 WL 2735185, at *3 (N.D. Cal. June 16, 2014) ("Litigating the . . . '682 patent now and the '536 patent following resolution of the IPR would be inefficient and may result in duplication of effort."); *LELO, Inc. v. Standard Innovation (US) Corp.*, No. 13–cv–01393–JD, 2014 WL 2879851, at *3 (N.D. Cal. June 24, 2014) ("The standard is simplification of the district court case, not complete elimination of it by the PTAB."). Brazos points to the fact that the '990 Patent is asserted in a separate case from the others, but it has not adequately explained how this should impact the Court's analysis for these related cases. Opposition, ECF No. 118 at 7.

Judicial economy principles favor a stay as to the '990 Patent. Moving the 21–cv–7561 case forward on a different schedule than the other related cases could lead to multiple rounds of expert discovery, multiple trials, and other potentially duplicative efforts by the parties and the Court, as

1 the parties previously acknowledged. *See* Joint Administrative Motion to Consider Whether Cases Should Be Related, ECF No. 103 at 2–3 (agreeing that if the "cases were now handled separately . . . on different schedules, the parties would need to brief issues that may apply to all cases separately, resulting in an unduly burdensome duplication of labor and expense for both the parties and the Court"). The Court does not consider such a disaggregation of the proceedings warranted under the simplification factor, especially when Brazos is asserting the '990 Patent against only one of Juniper's products. *See* Brazos Infringement Contentions at 3. Further, Juniper points to common issues of ownership and standing between the cases, which further support keeping the cases on the same schedule. *See* Reply, ECF No. 119 at 3; *Methode Elecs., Inc. v. Infineon Techs. Corp.*, No. C 99–21142 JW, 2000 WL 35357130, at *3 (N.D. Cal. Aug. 7, 2000) ("Duplicative discovery may result if only the '408 patent is stayed since there are likely to be common documents and witnesses regarding the infringement litigation of the '408 and '468 patents."); *Finjan, Inc. v. FireEye, Inc.*, No. C13–03133, 2014 WL 2465267, at *4 (N.D. Cal. June 2, 2014) ("When there are overlapping issues between the re-examined patents and other non-reexamined patents-in-suit, courts have found that staying the entire case is warranted."). And the bottom line is that in all likelihood all of these cases will be tried together. Accordingly, the Court finds that the simplification factor somewhat favors a stay as to the 21–cv–7561 case.

Based on the above reasoning, the Court finds that the simplification factor strongly weighs in favor of a stay for the cases involving the Challenged Patents and somewhat favors a stay for the case involving the '990 Patent.

**C.   Undue Prejudice**

The third factor courts consider in assessing whether a stay is appropriate is "whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *PersonalWeb*, 69 F.Supp.3d at 1025. Courts typically consider four subfactors (the "*Uniloc* subfactors"): "(1) the timing of the petition for review; (2) the timing of the request for the stay; (3) the status of review proceedings; and (4) the relationship of the parties." *Uniloc USA Inc. v. LG Elecs. U.S.A. Inc.*, No. 4:18–cv–06737, 2019 WL 1905161, at *5 (N.D. Cal. Apr. 29, 2019).

As a threshold matter, the Court considers Brazos's argument that since the '990 Patent is

10

not under post-grant review, the Court cannot appropriately weigh the *Uniloc* subfactors for the 21–cv–7561 case involving the '990 Patent. Opposition, ECF No. 118 at 9. As discussed above, the Court finds it appropriate to consider a stay for the 21–cv–7561 case in the context of all five related patent cases, particularly given the potential for overlapping issues and duplicative efforts the parties previously identified. *See* Joint Administrative Motion to Consider Whether Cases Should Be Related, ECF No. 103 at 2–3 (agreeing that if the "cases were now handled separately . . . on different schedules, the parties would need to brief issues that may apply to all cases separately, resulting in an unduly burdensome duplication of labor and expense for both the parties and the Court"). Accordingly, the Court considers the below analysis regarding the "undue prejudice" factor to apply to the 21–cv–7561 case as well as the cases involving the Challenged Patents. However, even if the Court were to consider the *Uniloc* subfactors inapplicable to the 21–cv–7561 case, the undue prejudice factor would be neutral for the 21–cv–7561 case, since as a non-practicing entity seeking monetary damages, Brazos has not demonstrated any prejudice here other than a delay in asserting its rights. *PersonalWeb*, 69 F.Supp.3d at 1029.

### 1. Timing of Petitions

Under the first subfactor, the Court considers whether the timing of Juniper's petitions for post-grant review indicates that a stay would unduly prejudice Brazos. *Id.* Juniper argues that the timing of its IPR and *ex parte* reexamination petitions favors a stay because it filed all its IPR petitions within seven months of being served with the complaints—several months ahead of the one-year statutory deadline. *See* Motion, ECF No. 117 at 7–8; 35 U.S.C. § 315(b). In response, Brazos argues that Juniper engaged in dilatory tactics in filing its petitions, waiting six months to file its first petition, another two months to file its second and third petitions, and another five months—a year total—to file its request for *ex parte* reexamination. *See* Opposition, ECF No. 118 at 9. On reply, Juniper argues that courts have held that waiting until service of infringement contentions before filing petitions for review does not cause undue prejudice, and Juniper filed its post-grant review petitions after service of Brazos's initial infringement contentions on December 21, 2020 and final contentions on August 19, 2021. *See* Reply, ECF No. 119 at 4–5.

The Court agrees with Juniper that this subfactor supports a lack of undue prejudice to

1    Brazos. Juniper filed its IPR petitions long before the one-year statutory deadline, and it filed its
2    *ex parte* reexamination petition within the first year of litigation even without a one-year statutory
3    deadline for reexamination requests. *See* 35 U.S.C. § 315(b); 35 U.S.C. § 302. The timing of
4    Brazos's infringement contentions further bolsters Juniper's diligence in filing its post-grant review
5    petitions. *See Cypress Semiconductor Corp. v. GSI Tech., Inc.*, No. 13–cv–02013–JST,
6    2014 WL 5021100, at *4 (N.D. Cal. Oct. 7, 2014). In its Opposition, Brazos merely recites the
7    number of months it took Juniper to file its various petitions for post-grant review, without
8    explaining how this shows Juniper was anything less than diligent or that Juniper "engaged in
9    dilatory tactics." *See* Opposition, ECF No. 118 at 9; *KLA-Tencor Corp. v. Nanometrics, Inc.*, No.
10   C 05-3116 JSW, 2006 WL 708661, at *3 (N.D. Cal. Mar. 16, 2006) (finding no evidence of dilatory
11   tactics given that "[t]his is not a case where reexamination is sought on the eve of trial or after
12   protracted discovery"). Accordingly, the Court finds that the timing of Juniper's petitions favors a
13   finding that a stay would not unduly prejudice Brazos.

### 2. Timing of Request for Stay

15   Under the second subfactor, the Court considers whether the timing of Juniper's stay motion
16   indicates prejudice to Brazos. *Uniloc*, 2019 WL 1905161, at *5. Juniper argues that the timing of
17   its stay motion supports a lack of prejudice to Brazos, because it filed its stay motion on
18   December 2, 2021, less than two weeks after the PTAB instituted IPR on its last two petitions—for
19   the '656 and '998 Patents—on November 22, 2021. *See* Motion, ECF No. 117 at 8. Juniper further
20   argues that while IPR had previously been instituted on the '140 Patent on August 18, 2021, and *ex*
21   *parte* reexamination had been instituted on the '273 Patent on October 12, 2021, fewer than half of
22   the asserted claims were subject to post-grant review based on those two petitions, so a stay would
23   have been less clearly warranted. *See id.* at 8. In response, Brazos argues that since it is asserting
24   each patent in a separate litigation, Juniper should have moved to stay the '140 and '273 Patent
25   cases immediately after post-grant review of those patents was instituted. *See* Opposition,
26   ECF No. 118 at 10. Brazos argues that by not seeking to stay these cases earlier, Juniper prejudiced
27   Brazos by requiring it to continue to expend resources on these cases, including by filing motions
28   to dismiss Brazos's indirect infringement claims. *See id.* On reply, Juniper points to language in

12

the parties' joint motion requesting a case relation order citing the parties' practice of filing motions and pleadings as a single document that applies to all pending cases. Reply, ECF No. 119 at 5.

The Court agrees with Juniper. Waiting until post-grant review had been instituted on a majority of Asserted Claims was reasonable, not dilatory. *See DiCon Fiberoptics, Inc. v. Precisely Microtechnology Corp.*, No. 15–cv–01362–BLF, 2015 WL 12859346, at *2 (N.D. Cal. Oct. 13, 2015); *see also Wireless Recognition Techs. v. A9.com Inc.*, 5:12–CV–01217–EJD, 2012 WL 4005459, at *4 (N.D. Cal. Sep. 11, 2012) (defendants' actions were "reasonable and not dilatory" where they waited to file request for a stay "only after a likelihood that [the patent-in-suit] would be found invalid"). Brazos points to the fact that the patents here are asserted in separate cases. But the Court does not see how this changes the calculus for the appropriate timing of Juniper's stay motion for these related cases.

Further, Brazos's contention that it was prejudiced by Juniper's motions to dismiss is unconvincing. *See* Opposition, ECF No. 118 at 10. Brazos acknowledges that these were renewed motions to dismiss following Juniper's original filing of its motions on May 26, 2021, which were terminated without prejudice when the cases were transferred to this Court. *Id.* at 3–4. Further, since Juniper filed its motions to dismiss as a single document applicable to each case, Brazos would have likely expended a similar amount of effort responding to Juniper's motions regardless of whether the '140 and '273 cases were stayed. *See generally* Brazos's Opposition to Juniper's Motion to Dismiss, ECF No. 113 (addressing all asserted patents in parallel). And the Court finds it difficult to place much weight on Brazos's complaints about expending resources when Brazos also seeks to fault Juniper for not filing separate stay motions in each case, which would have likely involved significantly more effort for the parties and the Court than a single stay motion that applies to all five cases. *See* Opposition, ECF No. 118 at 10. Accordingly, the Court is not convinced by Brazos's attempts to characterize Juniper's facially diligent efforts as prejudicial.

Based on the above reasoning, the Court finds that this subfactor favors a finding that Brazos would not be unduly prejudiced by a stay.

### 3. Status of Review Proceedings

Under the third subfactor, the Court considers whether the status of Juniper's post-grant

review proceedings indicates that a stay would prejudice Brazos. *Uniloc*, 2019 WL 1905161, at *5. Juniper argues that this subfactor weighs against a finding of prejudice, because the PTAB is expected to issue final written decisions by November 2022, which is only eight months after the Initial Case Management Conference scheduled for March 3, 2022 and long before any trial is likely to take place. *See* Motion, ECF No. 117 at 8–9. In response, Brazos argues that the stay could extend longer than November 2022, because it is not possible to predict when *ex parte* reexamination of the '273 Patent will be completed. *See* Opposition, ECF No. 118 at 10. Further, Brazos argues that it would be prejudiced if it is not able to pursue its '990 Patent claims during the stay, because the '990 Patent is not under post-grant review. *See id.*

The Court agrees with Juniper. Given that the Initial Case Management Conference is not until March 3, 2022 and the Court is currently scheduling trials for the latter half of 2024, a stay that lasts until November 2022 would only constitute a modest delay in the progress of these cases. While the stay may last longer than November 2022 given that the duration of the *ex parte* reexamination of the '273 Patent is difficult to predict, the Court agrees with other courts that have found the "delay inherent in the reexamination process does not constitute, by itself, undue prejudice." *PersonalWeb*, 69 F.Supp.3d at 1029. Further, regarding Brazos's argument for the 21–cv–7561 case involving the '990 Patent, the Court has already addressed this above.

Accordingly, the Court finds that the status of review proceedings weighs against a finding of undue prejudice.

#### 4. Relationship of the Parties

Under the fourth subfactor, the Court considers whether the relationship between the parties indicates that a stay would prejudice Brazos. *Uniloc*, 2019 WL 1905161, at *5. Juniper argues that the relationship of the parties favors a stay because Brazos is a non-practicing entity and does not compete with Juniper, so monetary damages would adequately compensate Brazos and a stay would only delay realization of those damages. *See* Motion, ECF No. 117 at 9. In support of its argument, Juniper cites Brazos's failure to seek a preliminary injunction. *See id.* Brazos fails to rebut Juniper's arguments about the relationship between the parties. *See* Opposition, ECF No. 118 at 8–10.

The Court agrees with Juniper. The fact that the parties are not competitors and that Brazos

1    failed to seek a preliminary injunction indicates that monetary damages would adequately
2    compensate Brazos. *See, e.g., PersonalWeb*, 2014 WL 116340, at *5 ("[C]onsidering the parties
3    are not competitors, any harm from the temporary halt in enforcing Plaintiffs' rights in the asserted
4    patents can be addressed through a final damages award."). Accordingly, the only potential
5    prejudice at issue is a delay in obtaining monetary damages. Since delay alone is insufficient to
6    show undue prejudice, this subfactor strongly supports that a stay would not unduly prejudice
7    Brazos. *See Evolutionary Intelligence, LLC v. Sprint Nextel Corp.*, No. C–13–04513,
8    2014 WL 4802426, at *6 (N.D. Cal. Sep. 26, 2014) (finding non-practicing entity plaintiff will not
9    suffer undue prejudice from a stay where it "can be fully restored to the *status quo ante* with
10   monetary relief"); *Evolutionary Intelligence*, 2014 WL 93954, at *3 (granting stay of non-practicing
11   entity case).

\* \* \*

13   Since all of the subfactors weigh against a finding that Brazos would be unduly prejudiced
14   by a stay, the Court finds that the undue prejudice factor strongly supports granting Juniper's stay
15   request.

### D.  Balancing of the Factors

17   As outlined above, for the cases involving the '998, '273, '656, and '140 Patents, all three
18   factors weigh in favor of staying the cases pending post-grant review. For the 21–cv–7561 case
19   involving the '990 Patent, the stage of litigation and simplification factors somewhat favor a stay,
20   while the undue prejudice factor is either neutral or in favor of a stay. Accordingly, the Court finds
21   that on balance, the factors support a stay as to all five of Brazos's related cases against Juniper.

## IV.  ORDER

23   For the foregoing reasons, as to the 21-cv-07557, 21-cv-07558, 21-cv-07560, 21-cv-07561,
24   and 21-cv-07562 cases, IT IS HEREBY ORDERED that:

- Juniper's motion to stay pending post-grant review of the '998, '273, '656, and '140 Patents is hereby GRANTED;
- the cases are hereby STAYED during the pendency of *inter partes* review proceedings as to the '998, '656, and '140 Patents and the *ex parte* reexamination

15

proceedings as to the '273 Patent, with the exception that the scheduled Case Management Conference will proceed as set so that a trial schedule can be established; and

- the case schedule is hereby VACATED, except the Case Management Conference set for March 3, 2022 SHALL remain set.

Dated: January 3, 2022

_____
BETH LABSON FREEMAN
United States District Judge